# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**Edward C. Richerme,**<br><br>          Debtor. | Chapter 7<br><br>Bankruptcy No. 15-16083<br><br>Honorable Jack B. Schmetterer |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Zane Zielinski, Chapter 7 Trustee for the estate of Edward C. Richerme |
| Period for Which Compensation is Sought: | September 14, 2015 through June 15, 2016. |
| Amount of Fees Sought: | $   6,586.50 |
| Amount of Expense Reimbursement Sought: | $   13.23 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $   0.00   .

{00063522}

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Edward C. Richerme,** | Bankruptcy No. 15-16083 |
| Debtor. | Honorable Jack B. Schmetterer |

## NOTICE OF APPLICATION

**Please take notice** that on **Thursday, July 11, 2016, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Jack B. Schmetterer in Courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street in Chicago, Illinois, or any other judge who may be sitting in his place or stead, and shall then and there present the **FactorLaw's First and Final Application for Compensation and Reimbursement of Expenses,** a copy of which is attached hereto and herewith served upon you.

Dated: June 20, 2016                           **THE LAW OFFICES OF WILLIAM J. FACTOR, LTD.**

By: */s/ Sara E. Lorber*
One of His Attorneys

Sara E. Lorber (6229740)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  slorber@wfactorlaw.com

{00063522}

## CERTIFICATE OF SERVICE

      I, Sara E. Lorber, an attorney, hereby certify that on June 20, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing ***Notice of Application*** and the accompanying ***FactorLaw's First and Final Application for Compensation and Reimbursement of Expenses*** be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail to all parties identified as Non-Registrants on the below Service List.

                                                               */s/ Sara E. Lorber*

## SERVICE LIST

**Registrants**
(Service via CM/ECF)

| Name | Email |
|---|---|
| Kathryn Gleason | USTPRegion11.es.ecf@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Ariane Holtschlag | aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Sara E Lorber | slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com;nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com |
| Timothy S. McFadden | tmcfadden@btlaw.com |
| Peter N Metrou | metrouassociates@sbcglobal.net |
| Karen J Porter | porterlawnetwork@gmail.com, portersam100@comcast.net |
| Miriam R. Stein | mstein@chuhak.com, dgeorge@chuhak.com |
| Zane L. Zielinski | trustee@zanezielinski.com, zzielinski@ecf.epiqsystems.com |

**Non-Registrants**
(Service via US Mail)

Cavalry Spv I, LLC
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Suite #200
Tucson, AZ 85712

Synchrony Bank
c/o Recovery Mngmt Systems Corp
25 SE 2nd Ave Suite 1120
Miami, FL 33131-1605

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19335-0701

Karen Richerme
1863 Josephine Drive
Mokena, IL 60448

{00063522}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**Edward C. Richerme,**<br>Debtor. | Chapter 7<br><br>Bankruptcy No. 15-16083<br><br>Honorable Jack B. Schmetterer |

**FIRST AND FINAL APPLICATION OF FACTORLAW FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

The Law Office of William J. Factor, Ltd. ("*FactorLaw*"), counsel for Zane Zielinski, not individually but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Edward C. Richerme (the "*Debtor*"), hereby submits its first and final fee application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling **$6,586.50** for legal services performed by FactorLaw, and the reimbursement of expenses totaling **$13.23** during the period of September 14, 2015 through June 15, 2016 (the "*Application Period*"). In support of its Application, FactorLaw states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

### BACKGROUND

4. On May 5, 2015 (the "*Petition Date*") the Debtor filed a voluntary petition for relief under Chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101, *ff. (*the "*Bankruptcy Code*"), thereby initiating the case.

5. On September 10, 2015 this Court granted the Debtor's motion to convert this Case from a proceeding under Chapter 11 to a proceeding under Chapter 7.

6. Zane Zielinski is the duly appointed and qualified trustee for the bankruptcy estate post-conversion.

7. On October 30, 2015, this Court entered an order authorizing the Trustee to retain FactorLaw as his counsel to represent him in matters concerning liquidation of assets and investigation of potential avoidable transfers by the Debtor.

## FEE APPLICATION

8. This is FactorLaw's first and final interim application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

9. To aid the Court in its review of this Application, FactorLaw has divided this Application into two parts: Part I describes the services (the "***Services***") provided by FactorLaw to the Trustee by category of services; and Part II describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I. Services performed.

10. Records of the Services provided in the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the Services rendered by the Firm, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

11. FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement, or the time of one of the attorneys was voluntarily written off.

{00063522}

A. *Summary of Services by professional.*

12. The fees for Services provided by FactorLaw during the Application Period are itemized by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300/ $325[1] | 4.4 | $1,330.00 |
| Jeffrey K. Paulsen | Associate | $250/ $275[2] | .8 | $217.50 |
| Ariane Holtschlag | Associate | $250/ $275[3] | 15.3 | $4,145.00 |
| Thomas H. Griseta | Associate | $150 | 1.0 | $150.00 |
| Christopher Williams | Law Clerk | $120.00 | 6.2 | $744.00 |
| | | **Totals:** | **27.7** | **$6,586.50** |

B. *Itemization of fees by category of Services rendered.*

13. **Case Administration.** FactorLaw professionals spent 5.4 hours at a cost of $1,265.00 communicating with the Trustee regarding the status of and strategy for the Case, communicating with creditors and other parties in interest, and appearing before the court.

14. A breakdown of the professionals providing Services in this category is as follows:

---

[1] Ms. Lorber's hourly rate was increased to $325 effective January 1, 2016, in the ordinary course of FactorLaw's annual rate adjustments.

[2] Mr. Paulsen's hourly rate was increased to $275 effective January 1, 2016, in the ordinary course of FactorLaw's annual rate adjustments.

[3] Ms. Holtschlag's hourly rate was increased to $275 effective January 1, 2016, in the ordinary course of FactorLaw's annual rate adjustments.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $325 | .2 | $65.00 |
| Jeffrey K. Paulsen | Associate | $250 | .1 | $25.00 |
| Ariane Holtschlag | Associate | $250 | 4.1 | $1,025.00 |
| Thomas H. Griseta | Associate | $150 | 1.0 | $150.00 |
|  |  | **Totals:** | **5.4** | **$1,265.00** |

15. **Asset Investigation/ Recovery**. FactorLaw professionals spent 15.3 hours at a cost of $3,456.50 assisting the Trustee with the liquidation of assets and investigation of additional potential assets and potentially avoidable transfers by the Debtor.

16. A breakdown of the professionals providing services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300/ $325 | 3.1 | $935.00 |
| Jeffrey K. Paulsen | Associate | $275/ $250 | .7 | $192.50 |
| Ariane Holtschlag | Associate | $250 | 7.3 | $1,825.00 |
| Christopher Williams | Law Clerk | $120 | 4.2 | $504.00 |
|  |  | **Totals:** | **15.3** | **$3,456.50** |

17. **Lien Avoidance.** FactorLaw professionals spent 1.8 hours at a cost of $505.00 in connection with the Debtor's motion to avoid the lien of creditor Engineered Abrasives.

18. A breakdown of the professionals providing services in this categories is as follows:

{00063522}

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300 | 1.1 | $330.00 |
| Ariane Holtschlag | Associate | $250 | .7 | $175.00 |
| | | **Totals:** | **1.8** | **$505.00** |

19. **Professionals.** FactorLaw professionals spent 5.2 hours at a cost of $577.50 preparing the fee application, an application to retain FactorLaw, and an employment declaration. FactorLaw voluntarily wrote off its fees relating to the application to retain the firm, as reflected in Exhibit 1.

20. A breakdown of the professionals providing services in this categories is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $275 | 3.2 | $1,120.00 |
| Christopher Williams | Law Clerk | $75 | 2.0 | $240.00 |
| | | **Totals:** | **5.2** | **$1,360.00** |

II. **Expenses**.

21. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses sought in this Application are actual out of pocket costs advanced by FactorLaw.

22. FactorLaw incurred $13.23 in postage in connection with serving its motion to employ and motion to sell.

23. FactorLaw has voluntarily written off all expenses related to fax charges and copy charges. In addition, FactorLaw does not bill its clients or seek

{00063522}

compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

### III. FactorLaw's continued retention during the Application Period was proper.

24. No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

25. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

26. Finally, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

### BASIS FOR THE REQUESTED RELIEF

27. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

{00063522}

28. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

29. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

30. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

31. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $237.80. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## NOTICE

32.   Pursuant to Federal Rule of Bankruptcy Procedure 2002, this Application was served on all creditors having filed a proof of claim in the Case, any parties requesting notice via CM/ECF, the U.S. Trustee, the Debtor, and the Debtor's attorney with at least twenty-one (21) days' notice.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$6,586.50**;

B. Allowing FactorLaw reimbursement of expenses relating to the case in the amount of **$13.23**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and expenses in the total amount of **$6,599.73** and

D. Granting such other relief as the Court deems just and equitable.

Dated: June 20, 2016                      **THE LAW OFFICES OF**
                                                           **WILLIAM J. FACTOR, LTD.**

                                                   By: */s/ Sara E. Lorber*
                                                           One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 373-7227
Fax:    (847) 574-8233

{00063522}